UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

KEVIN GREGG,

Plaintiff,

- against -

C.O. KENNEDY, C.O. BOOTHE,
C.O. SHREEK, and P.O. CIRRICA,

Defendants.

**ORDER
09-CV-2512 (KAM)(ALC)**

-------------------------------------------------------------X

**CARTER, United States Magistrate Judge:**

Plaintiff Kevin Gregg brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that on October 31, 2008, at approximately 10:00 p.m., defendant officers used excessive force against him in violation of his constitutional rights. Plaintiff alleges that while in Central Booking at 120 Schermerhorn Street, he was "grabbed by [his] arms and legs and then slammed [] head first to the concrete ground." According to plaintiff, he was taken to the hospital after suffering a fractured nose bone and migraine.

On June 18, 2009, plaintiff's application to proceed *in forma pauperis* was granted, summonses were issued, and the United States Marshals Service was directed to serve the summonses and complaint on the defendants. However, the summonses were returned unexecuted as to each defendant. USM-285 forms filed on September 30, 2009, indicate that C.O. Boothe is retired and no longer employed by the Department of Corrections. With regard to the officers identified by plaintiff as C.O. Kennedy, C.O. Shreek, and Police Officer Cirrica from the 76th Precinct,[1] the forms indicate that the United States Marshals Service will not be able to serve these defendants without further identifying information.

The problem encountered by plaintiff is a common one, as it is frequently difficult for *pro se* litigants to identify individual law enforcement officers. In this case, plaintiff is currently incarcerated, further

---

[1] Although the case caption on the ECF system identifies Officer Cirrica as being from the 78th Precinct, plaintiff's hand-written complaint identifies Officer Cirrica "from the 76th Precinct." Documentation attached to plaintiff's complaint also notes arrest number K08696271 and case docket number 2008KN081586.

hindering his access to the information required. Addressing this problem in <u>Valentin v. Dinkins</u>, 121 F.3d 72 (2d Cir. 1997) (per curiam), the Second Circuit made clear that a *pro se* litigant is entitled to assistance from the district court in identifying a defendant.

Accordingly, pursuant to <u>Valentin</u>, the Court requests that Corporation Counsel ascertain the full names of the individuals whom plaintiff has named as defendants and provide the addresses where these defendants can currently be served. Corporation Counsel need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which plaintiff may name and properly serve the defendants as instructed by the Second Circuit in <u>Valentin</u>.

Corporation Counsel is hereby requested to produce the information specified above regarding the identity and service addresses of the defendants by December 19, 2009. The Court respectfully directs the Clerk of Court to mail a copy of this Order and the complaint to the New York City Law Department. Once Corporation Counsel has provided the requested information for these defendants, the Clerk of Court is directed to amend the caption of the complaint to reflect that information and to issue summonses to those defendants. The United States Marshals Service is directed to then serve the defendants with the summonses, copies of the complaint as amended by the Clerk, and this Order.
SO ORDERED.

_____/S/_____
ANDREW L. CARTER, JR.
United States Magistrate Judge

Dated: November 19, 2009
    Brooklyn, New York